IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. COX, JR, | No. C 09-02392 SI |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT** |
| v. | |
| JOSE VEGA; DOCTOR POTTS; and UNIVERSITY OF CALIFORNIA, SAN FRANCISCO, | |
| Defendants. / | |

Now before the Court is pro se plaintiff William Cox's application to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the Court defers ruling on plaintiff's IFP application. <u>If plaintiff wishes to file an amended complaint, he must do so by</u> **August 15, 2009**. Failure to comply with this deadline will result in dismissal of plaintiff's complaint.

IFP applications are reviewed under a two-part analysis under 28 U.S.C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious or (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved

consistent with the [plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

Plaintiff alleges that doctors at the University of California, San Francisco Hospital "shot something" in his right leg, "falsely arrested" him, and took x-rays of his head. He also mentions other medical centers (Summit, Alta Bates) and a Dr. Potts. He also alleges that there are "gases in my blood, radiation in my body" and that various people are trying to kill people, all because the Creator made him a man. The Court cannot determine the factual or legal bases for plaintiff's claims and finds that plaintiff has failed to state a claim for which relief can be granted.

The Court will defer ruling on plaintiff's IFP application until plaintiff files an amended complaint. If plaintiff wishes to file an amended complaint, the complaint must (1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks. In order for a federal court to have jurisdiction over a claim arising under 42 U.S.C. § 1983, two essential elements must be alleged: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988).

**If plaintiff wishes to file an amended complaint, he must do so by August 15, 2009.** Failure to comply with this deadline will result in dismissal of plaintiff's complaint.

**IT IS SO ORDERED.**

Dated: July 31, 2009

SUSAN ILLSTON
United States District Judge

2