IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. COX, JR, | No. C 09-02392 SI |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JOSE VEGA; DOCTOR POTTS; and UNIVERSITY OF CALIFORNIA, SAN FRANCISCO, | |
| Defendants. | |

Now before the Court is pro se plaintiff William Cox's application to proceed *in forma pauperis* ("IFP"). On July 31, 2009, the Court issued an order deferring ruling on plaintiff's IFP application because the Court could not determine the factual or legal bases for plaintiff's claims. The Court directed plaintiff to file an amended complaint, which plaintiff did on August 13, 2009.

IFP applications are reviewed under a two-part analysis under 28 U.S.C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious or (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved

consistent with the [plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

In his initial complaint, plaintiff alleged that doctors at the University of California, San Francisco Hospital "shot something" in his right leg, "falsely arrested" him, and took x-rays of his head. He also mentioned other medical centers (Summit, Alta Bates) and a Dr. Potts. In addition, he alleged that there were "gases in my blood, radiation in my body" and that various people were trying to kill people, all because the Creator made him a man. The Court found in the July 31 order that plaintiff had failed to state a claim for which relief could be granted. In his amended complaint, plaintiff expands on his original allegations. He alleges, among other things, that he has uncovered a "secret order" relating to "J.F.K" and that various Oakland police officers did not investigate his claims. Plaintiff's amended complaint has failed to address the deficiencies noted by the Court in its July 31 order. The Court is still unable to determine the factual or legal bases for plaintiff's claims and again finds that plaintiff has failed to state a claim for which relief can be granted.

Accordingly, plaintiff's IFP application is DENIED and his complaint is dismissed without prejudice. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 19, 2009

SUSAN ILLSTON
United States District Judge